IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DARRELL WAYNE BRUMFIELD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 7:12cv00218 |
| v. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | By:  Michael F. Urbanski |
| Commissioner of Social Security, ) | United States District Judge |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This social security disability appeal is before the court for review of the Report and Recommendation issued in this case by the magistrate judge, in which it is recommended that the Commissioner's decision be affirmed.  Plaintiff Darrell Wayne Brumfield ("Brumfield"), who is proceeding pro se, has filed an objection to the Report and Recommendation pursuant to Federal Rule of Civil Procedure 72(b).  For the reasons set forth below, the court overrules Brumfield's objection and adopts the magistrate judge's Report and Recommendation in its entirety.

**I.**

Plaintiff filed an application for disability insurance benefits and supplemental security income on February 2, 2009, alleging a disability onset date of June 1, 2008.  The Commissioner denied his application for benefits initially and again on reconsideration.  An administrative hearing was held on February 17, 2011, at which Brumfield was represented by counsel.  In a decision issued on March 25, 2011, the administrative law judge ("ALJ") determined that Brumfield has severe impairments consisting of degenerative disc disease, degenerative joint disease, hepatitis C, chronic obstructive pulmonary disease, and neuropathy of the right foot. Considering these impairments, the ALJ found that Brumfield retained the residual functional capacity ("RFC") to perform a limited range of medium work.  Specifically, the ALJ determined

that Brumfield could only occasionally climb and kneel, could not crawl, could not have concentrated exposure to dust, hazards, and respiratory irritants, and could not handle food or beverages due to his history of hepatitis C. Although he could not perform his past relevant work, the ALJ determined at step five of the sequential evaluation process, see 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4), that Brumfield was not disabled under the Social Security Act. The Appeals Council denied plaintiff's request for review and this appeal followed.

This matter was referred to the magistrate judge for proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The parties filed cross motions for summary judgment and supporting memoranda, and the magistrate judge issued his Report and Recommendation on August 28, 2013. The magistrate judge concluded that the ALJ properly determined at step two of the sequential evaluation process that Brumfield's depression was not a severe impairment. He further concluded that substantial evidence supports the ALJ's determination that Brumfield can perform a limited range of medium work. Specifically, the magistrate judge held that the ALJ's decision to adopt the RFC set forth in the consultative examination opinion of Dr. Humphries, except for the limitations on overhead work and frequent production-type foot control with the right lower extremity, was supported by the evidence of record. The magistrate judge noted that the ALJ had submitted to the vocational expert ("VE") at the administrative hearing a hypothetical with the precise limitations set forth in Dr. Humphries' opinion, and the VE testified that with these additional limitations, Brumfield could still perform several jobs in the light unskilled range. Thus, any error in failing to including the overhead and foot control limitations would not affect the outcome of this case.

Brumfield does not object to the magistrate judge's assessment of the ALJ's decision at step two. He does object, however, to the magistrate judge's analysis of the ALJ's RFC determination and decision at step five. Brumfield takes issue with the fact that the Report and

2

Recommendation does not discuss application of the Medical-Vocational Guidelines, commonly referred to as the "grids,"[1] and the ALJ's failure to apply them. Brumfield contends that the ALJ should have adopted Dr. Humphries' limitations as to overhead reaching and operation of foot controls and if he had, the grids would direct a finding of disability in this case. Brumfield attaches to his objection the agency's POMS Section DI 25001.001,[2] as well as a document purportedly signed by primary care physician Dr. Surindra J. Singh on September 10, 2013.

**II.**

Brumfield contends that "the only reasonable conclusion as to why the ALJ place[d] Brumfield's RFC in the medium exertion range is to prevent the GRID rules from directing a finding of disabled." Pl.'s Objection, Dkt. # 32, at 6. Brumfield insists that if the ALJ had taken into account Dr. Humphries' limitations as regards overhead reaching and operating repetitive foot controls, the grids would have directed a finding of disability.

Brumfield is correct that Dr. Humphries performed a consultative examination on April 16, 2009 and, in his assessment of Brumfield's functional capacity, provided two limitations that were not adopted by the ALJ: "that Brumfield cannot perform overhead work even on an occasional basis and no frequent repetitive, production-type foot control with right lower extremity." (Administrative Record, hereinafter "R.," at 400.) While the ALJ stated that he gave great weight to Dr. Humphries' opinion, the ALJ's RFC determination did not incorporate limitations on overhead reaching and use of foot controls. At the administrative hearing, the ALJ posed to the VE a hypothetical describing an individual who could perform a range of medium

---

[1] See 20 C.F.R. Pt. 404, Subpt. P, App. 2.

[2] POMS stands for Program Operations Manual System, a source of information used by social security employees to process benefits claims. The POMS can be found on the social security website at https://secure.ssa.gov/apps10/poms.nsf/Home?readform.

3

work consistent with the ALJ's RFC finding.  The VE responded with a number of jobs at both the medium and light levels of exertion such an individual could perform.[3]

The ALJ then posed a different hypothetical which incorporated all of the limitations noted in Dr. Humphries' report, including limitations on overhead reaching and foot controls. The VE again identified jobs such an individual could perform:

> Q.  Okay.  Here's a little bit different hypothetical.  I want you to assume a hypothetical individual the same age, education, past work experience as the Claimant who has the following residual functional capacity:  this individual can occasionally lift and/or carry, including upward pulling up to 50 pounds.  Frequently lift and/or carry, including upward pulling up to 25 pounds.  This individual can stand and/or walk with normal breaks for a[] total of about six hours out of an eight-hour day.  Sit with normal breaks for a total of about six hours out of an eight-hour day.  Pushing and pulling with the upper extremities is limited to the poundage I've previously given you, occasionally, push/pull 50 pounds; frequently push/pull 25 pounds.  This individual should avoid more than occasional use of the right lower extremity in the operation of foot controls or pushing or pulling.  This individual should occasionally climb ramps, stairs; should never climb ladders, ropes or scaffolds.  Can frequently balance, frequently stop, occasionally kneel, occasionally crouch, should never crawl.  This individual should avoid overhead reaching with the upper extremities.  This individual should avoid concentrated exposure to fumes, odors, dust, gases, poor ventilation and hazards—concentrated exposure to hazards such as unprotected heights and dangerous machinery.  I take it I've discussed or describe[d] a range of medium—medium to light exertional level?
>
> A.  I would say with the overhead reaching, it brings it down to light.  You have to have the frequent use of arms and hands.
>
> Q.  Okay.
>
> A.  I have nothing—
>
> Q.  And we're at light, stock clerk, order caller, records clerk you've previously identified?
>
> A.  Right.

---

[3] If someone can perform medium work, he can also do light work.  20 C.F.R. §§ 404.1567(c), 416.967(c).

4

> Q. Could he do those jobs?
>
> A. Yes, to the records clerk. Yes –
>
> Q. Order caller?
>
> A. I would say yes to order caller, the records clerk and the stock–
>
> Q. Overhead reaching being a stock clerk?
>
> A.  Yeah, I would—it's not occasional, it would be frequently overhead.  If you'd want to look at another job?
>
> Q. Yeah, look at another job then?
>
> A.  Be something like—this is called an attendant, which is something similar to a coatroom attendant.
>
> Q. Light, unskilled?
>
> A. Light, unskilled.  In the region, there's approximately 2,200, U.S. economy about 81,000.
>
> Q.  And again, even though I didn't add it to this latest hypothetical, this individual shouldn't be handling food or beverages and I take it these jobs you've identified, especially the attendant job wouldn't handle food or beverages, correct?
>
> A. Correct.

(R. 67-69.)  Thus, the magistrate judge was correct in concluding that any error the ALJ might have made by not including the overhead reaching and foot control limitations in his RFC determination would not change the outcome in this case.  Even with these limitations, the VE testified that there are jobs that exist in substantial numbers that Brumfield could perform. Remand would serve no practical purpose.

      Contrary to Brumfield's assertions, the grids are not controlling here.  Because Brumfield suffers from non-exertional limitations, see 20 C.F.R. §§ 404.1569a, 416.969a, the grids are used only as a guideline.  See Walker v. Bowen, 889 F.2d 47, 49 (4th Cir. 1989).  The ALJ correctly

referred to the grids as a "framework for decisionmaking" (R. 29), and relied on the testimony of the VE that jobs exist in the national economy for an individual with Brumfield's age, education, work experience, and RFC. (See R. 29-30.) Accordingly, the magistrate judge did not err by failing to address application of the grids in his Report and Recommendation. Brumfield's objection to the Report and Recommendation on these grounds is overruled.

### III.

Brumfield attaches two documents to his objection to the Report and Recommendation—a copy of the POMS Section DI 25001.001, and a one-paragraph document that bears the signature of a Dr. Surindra J. Singh. Neither changes the outcome here.

"The POMS guidelines represent the Commissioner's interpretation of the governing statutes and regulations." Wilson v. Apfel, 81 F. Supp. 2d 649, 653 (W.D. Va. 2000). While they are entitled to deference, they do not have the force of law. See Davis v. Sec'y of Health & Human Servs., 867 F.2d 336, 340 (6th Cir. 1989); see also Danielson v. Astrue, No. 1:10-cv-125, 2011 WL 1485995, at *3 (N.D. W. Va. Mar. 28, 2011), adopted by 2011 WL 1483990 (N.D. W. Va. Apr. 19, 2011); Kilgore v. Astrue, No. 3:07CV00001, 207 WL 2405729, at *4 (W.D. Va. Aug. 15, 2007).

It is unclear what application this particular POMS section has to the issues at hand, and Brumfield sheds no light on this in his objection. POMS Section DI 25001.001 is a Medical-Vocational Quick Reference Guide that summarizes commonly applied vocational concepts and defines commonly used terms for medical-vocational evaluations. Nothing in this POMS section illustrates any error in the magistrate judge's Report and Recommendation or otherwise impacts the ALJ's disability determination.

Nor does the document containing a single, type-written paragraph purportedly signed by Dr. Singh, which reads:

6

> Mr. Brumfield is my patient. He's been under my care for treatment of chronic pain related to a cervical injury he suffered at work that rendered him unable to continue working in construction. Mr. Brumfield also suffers with chronic pain associated with a fracture trauma that resulted in neuropathy rendering him from the ability to be on his feet beyond one or two hours a day. His conditions have a significant history, (he's been treated at this facility for these conditions since 2007), and are permanent. His treatment consists of a daily regimen of oxycodone 15mg x 4 for pain and amitriptyline 150mg at bedtime for neuropathy.
>
> Dr. Surindra J. Singh, Primary Care
> 1970 Roanoke Blvd.
> Salem, VA 24153

Pl.'s Objection, Dkt. # 32-2. Pursuant to sentence six of 42 U.S.C. § 405(g), a reviewing court may remand a case to the Commissioner upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding. Borders v. Heckler, 777 F.2d 954, 955 (4th Cir. 1985). Evidence is new if it is relevant to the determination of disability at the time the application was first filed and not merely cumulative. Id. at 955; see also Wilkins v. Sec'y, Dep't of Health & Human Servs., 953 F.2d 93, 96 (4th Cir. 1991) ("Evidence is new within the meaning of this section if it is not duplicative or cumulative."). It is material if there is a reasonable possibility that the new evidence would have changed the outcome. Wilkins, 953 F.2d at 96; Borders, 777 F.2d at 955. There must be good cause for the claimant's failure to submit the evidence when the claim was before the Commissioner, and the claimant must present to the remanding court at least a general showing of the nature of the new evidence. Borders, 777 F.2d at 955.

      To be sure, there is good cause for Brumfield's failure to submit this evidence earlier, as the document dated September 10, 2013 had not yet been written. However, while the document indicates Brumfield's conditions "have a significant history" and "are permanent," it does not

state that any functional limitations in terms of Brumfield's "ability to be on his feet beyond one or two hours a day," were present during the period of time relevant to the disability determination in this case.  And even if this evidence arguably is new, it is not material, as there is no reasonable probability that this document would have changed the outcome.  There are no treatment notes from Dr. Singh to support the statement made in this document that Brumfield is limited to being on his feet only one to two hours per day.  Indeed, the court found no reference to Dr. Singh at all in the medical records, and Brumfield did not list Dr. Singh as a medical provider in his disability application.[4]  (R. 232-36.)  Such a limitation is simply uncorroborated and unsupported by the evidence of record.  Accordingly, this evidence does not warrant remand.

## IV.

For all of these reasons, the magistrate judge's Report and Recommendation will be **ADOPTED in its entirety** and the Commissioner's decision affirmed.

An appropriate Order will be entered.

Entered:  September 27, 2013

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge

---

[4] The court notes that while this document appears to bear the signature of a Dr. Surindra J. Singh, M.D., it contains no other indicia of authenticity.  It is not written on letterhead from Dr. Singh or the VA Medical Center.  In fact, it appears to be written in the same font and style as Brumfield's objection to the Report and Recommendation.  Dr. Singh appears nowhere in the administrative record as Brumfield's treating physician.  In his objection to the Report and Recommendation, Brumfield states he is submitting this statement "from his primary care giver physician since 2011," which contradicts the statement in the document itself that Brumfield has been treating with Dr. Singh since 2007.